MR. JUSTICE HASWELL,
dissenting:
I would affirm the district court judgment.
The theme of the majority opinion is that the insurance policy is *306 ambiguous and doubts concerning its meaning must be resolved in favor of the insured. In my view the policy coverage is unambiguous, clear and certain leaving no room for judicial construction of its terms.
The policy contains a specific exclusion for theft. The operative language of this exclusion reads:
“EXCLUSIONS. This policy does not insure * * * against * * * loss caused by * * * theft * * * of any property which * * * is not an integral part of a building or structure * *
As I see it, a carpet cleaner simply cannot be considered a part of a building or structure without doing violence to the plain meaning of the English language. The descriptive adjective “integral” further expands the exclusion, but in no sense transforms a carpet cleaner into an “integral part of a building or structure”. In common usage, the language cannot be tortured to achieve such meaning in my opinion.
Nor can an ambiguity be created by reading together the general coverage clause and the specific exclusion in my judgment. As in all insurance policies excluding certain perils, the general coverage clause is stated iti broad terms and the exclusionary clause specifically excludes those perils for which insurance is not purchased. Thus the insurance policy here is neither internally inconsistent nor ambiguous in its terms, and there is no basis in law for interpreting the contract against the insurer.
This Court cannot rewrite a new policy under the guise of judicial construction contrary to that expressed in the policy agreed upon and purchased by the insured. Johnson v. Metropolitan Life Insurance Co., 107 Mont. 133, 83 P.2d 922.
For these reasons, I respectfully dissent.
MR. JUSTICE SHEA, dissenting:
I agree with the foregoing dissent of Mr. Justice Frank I. Haswell.